MALCOLM S. MCNEIL (SBN 109601)
**ARENT FOX LLP**
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065
Telephone: 213.629.7400
Facsimile: 213.629.7401
Email: malcolm.mcneil@arentfox.com
Attorneys for Petitioners Trajkovski Invest AB,
a Swedish Corporation, et al.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| Trajkovski Invest AB, a Swedish Corporation, OPK Holding AB, a Swedish Corporation, Linden Invent AB, a Swedish Corporation, CapMate Aktiebolag, a Swedish Corporation, Christian Ask, an individual, Christian Månsson, an individual, Granitor Invest AB, a Swedish Corporation, Jimmie Landerman, an individual, Johan Kjell, an individual, Jussi Ax, an individual, LMK Forward AB, a Swedish Corporation, LUSAM Invest AB, a Swedish Corporation, Martin Bengtsson, an individual, Midroc Finans AB, a Swedish Corporation, Muirfield Ventures AB, a Swedish Corporation, Råsunda Förvaltning Aktiebolag, a Swedish Corporation, Expassum Holding AB, a Swedish Corporation,<br><br>Petitioners,<br><br>v.<br><br>I.Am.Plus Electronics, Inc., a Delaware corporation,<br><br>Respondent. | Case No. 2:21-cv-04246<br><br>**PETITION FOR RECOGNITION AND ENFORCEMENT OF FOREIGN ARBITRAL AWARD UNDER 9 U.S.C. § 207**<br><br>**<u>REDACTED</u>**<br><br>**Unredacted Document To Be Filed Under Seal** |

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

CASE NO. 2:21-cv-04246

PETITION FOR RECOGN. & ENFORCEMENT
OF FOREIGN ARBITRAL AWARD

The parties involved in this matter previously came before this Court regarding an earlier Petition for Recognition of Foreign Arbitral Award ("First Petition").[1] The gravamen of the First Petition was Petitioners' request for an order enforcing a separate, interim award compelling musical artist will.i.am's company, I.Am.Plus Electronics, Inc. ("i.am +" or "Respondent"), to pay for its half of fees related to the parties' arbitration before the Arbitration Institute of the Stockholm Chamber of Commerce (the "SCC"). On May 7, 2020, this Court granted the First Petition and ordered enforcement of the interim arbitral award ("Interim Award").[2] Petitioners have subsequently participated in a full-scale arbitration, the Tribunal issued an award in favor of Petitioners, and Petitioners now make this application for enforcement of the final award.

## INTRODUCTION

On New Years' Eve, 2017, Respondent agreed to buy the start-up technology company Earin AB ("Earin") from a group of Swedish technology start-up entrepreneurs and investors ("Petitioners"). Earin was a one of the world's first manufacturers of wireless Bluetooth headphones – and a promising new piece to i.am +'s portfolio of wearable products. Yet the deal quickly fell through after Respondent failed to pay the confidential purchase price, and was officially terminated in April 2019. Thereafter, Petitioners banded together and filed an arbitration claim for damages against Respondent in Sweden.

The Earin Share Purchase Agreement ("Agreement"), signed by Petitioners and Respondent, notes that "any dispute…arising out of or in connection with this Agreement…shall be finally settled by arbitration administered by the [SCC]. ████████████████████████████ the parties subsequently participated in a full-scale arbitration, by way of video conference, from May 5-7, 2020 and May 15,

---

[1] Case No. 2:20-cv-00152-ODW-JEM, *Trajkovski Invest AB, et al. v. I.Am.Plus Electronics, Inc.*
[2] Case No. 2:20-cv-00152, Dkt. No. 47.

2020; and the Tribunal ordered Respondent to pay Petitioners.

The Petitioners now ask this Court to recognize and enforce the judgment against Los Angeles-based Respondent.

## PARTIES

1. At all times mentioned herein, Petitioners were and are all Swedish citizens. Petitioners were and are individuals residing in the nation of Sweden, or corporations incorporated under Swedish law with their principal places of business in the nation of Sweden.

2. Petitioners are informed and believe that at all times mentioned herein Respondent I.Am.Plus Electronics, Inc. is a Delaware corporation with its principal place of business at 809 N. Cahuenga Blvd, Los Angeles, CA 90038. Respondent was founded by William James Adams, also known as will.i.am, a professional rapper, singer, songwriter, record producer, and founder and lead member of the music group The Black Eyed Peas.

3. Petitioner Trajkovski Invest AB is a Swedish company with its principal place of business in Ursulavägen 7, 218 53 Klagshamm, Sweden. This entity is owned by Kiril Trajkovski, an individual who is one of the three founders of Earin AB, a Swedish company.

4. Petitioner OPK Holding AB is a Swedish company with its principal place of business in Grimsbygatan 24, 211 20 Malmö, Sweden. This entity is owned by Per Sennström, one of the three founders of Earin AB, a Swedish company.

5. Petitioner Lindén Invent AB is a Swedish company with its principal place of business in Gyavägen 38 A, 236 37 Höllviken, Sweden. This entity is owned by Olle Lienén, one of the three founders of Earin AB, a Swedish company.

6. Petitioner CapMate Aktiebolag is a Swedish company with its principal place of business in Björkvallavägen 2 A, 2 tr, 194 77 Upplands Väsby, Sweden.

7. Petitioner Christian Ask is an individual residing in Lund, Sweden.

8. Petitioner Christian Månsson is an individual residing in Löddeköpinge, Sweden.

9. Petitioner Granitor Invest AB is a Swedish company with its principal place of business in Box 3002 169 03 Solna, Sweden.

10. Petitioner Jimmie Landerman is an individual residing in Limhamn, Sweden.

11. Petitioner Johan Kjell is an individual residing in Skarpnäck, Sweden.

12. Petitioner Jussi Ax is an individual residing in Åre, Sweden.

13. Petitioner LMK Forward AB is a Swedish company with its principal place of business in Box 2025, 220 02 Lund, Sweden.

14. Petitioner LUSAM Invest AB is a Swedish company with its principal place of business in Erik Dahlbergsallén 15, 115 20 Stockholm, Sweden.

15. Petitioner Martin Bengtsson is an individual residing in Helsingborg, Sweden.

16. Petitioner Midroc Finans AB is a Swedish company with its principal place of business in Box 3002 169 03 Solna, Sweden.

17. Petitioner Muirfield Ventures AB is a Swedish company with its principal place of business in Kungsgatan 6, 252 21 Helsingborg, Sweden.

18. Petitioner Råsunda Förvaltning Aktiebolag is a Swedish company with its principal place of business in Skogbacken 20, plan 4, 172 41 Sundbyberg, Sweden.

19. Petitioner Expassum Holding AB is a Swedish company with its principal place of business in Box 592, 114 11 Stockholm, Sweden.

## JURISDICTION AND VENUE

20. This Court has original jurisdiction over the parties pursuant to 9 U.S.C. § 203, since the action arises under the Convention on the Recognition and

Enforcement of Arbitral Awards ("the New York Convention"; 21 U.S.T. 2517). Both the United States and Sweden are parties to the Convention.

22. 21. The Court also has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 over Petitioners' cause of action.

22. This Court also has diversity jurisdiction over the parties pursuant to 28 U.S.C. § 1332(a). Petitioners are all citizens of Sweden and Respondent is a citizen of California and Delaware. The amount in controversy exceeds $ 75,000, based on a confidential amount of damages alleged by Petitioners in the Swedish arbitration as well as a confidential judgment issued by the Arbitral Tribunal.

23. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and 9 U.S.C. § 204, as Respondent has its principal place of business in 809 N. Cahuenga Blvd., Los Angeles, California 90038, and is subject to general jurisdiction in California.

## FACTUAL ALLEGATIONS

24. Earin is a limited liability company organized under the laws of Sweden and is engaged in the business of creating high fidelity audio devices. Earin produces the Earin M-1 and Earin M-2 wireless ear buds. All seventeen Petitioners collectively owned all the shares of Earin prior to entering into the Agreement with Respondent.

25. On December 31, 2017, Respondent and all seventeen Petitioners entered into the Agreement. A copy of the Agreement is attached hereto as **Exhibit 1** and filed under seal. Section 27.1 of the Agreement states that "[a]ny dispute...arising out of or in connection with this Agreement...shall be finally settled by arbitration administered by the [SCC]." Section 26 of the Agreement states that "[t]his Agreement shall be governed by and construed in accordance with Swedish substantive law, except for the Swedish Sale of Goods Act." Section 27.3 of the Agreement notes that "[t]he place of arbitration shall be Malmö, Sweden. The language to be used in the arbitration proceedings shall be English."

26. On May 23, 2019, Petitioners initiated arbitration proceedings before the SCC. A copy of this pleading and its corresponding appendixes are attached hereto as **Exhibit 2** and filed under seal. Under Section 27.3 of the Share Purchase Agreement, the parties agreed that "all information disclosed in the course of such [arbitral] proceedings as well as the proceedings in themselves and the contents of any decision or award made shall constitute confidential information."

27. On July 3, 2019, Respondent filed an Answer. A copy of this pleading is attached hereto as **Exhibit 3** and is filed under seal. ███████████████

28. ███████████████████████████████ the parties subsequently participated in a full-scale arbitration, by way of video conference, from May 5-7, 2020 and May 15, 2020.

███████████████████████

30. ███████████████████████████████████████████████████████████████████████████████████████████

31. On June 12, 2020, the Tribunal issued its Final Award ("Award") ███████████████████████████████████████████████████████████ A copy of the Award is attached hereto as **Exhibit 4** and is filed under seal, ███████████████████████████

# PRAYER

Petitioners pray for:

A.    Confirmation and entry of judgment upon the Award;

B.    An Order directing issuance of attachment against Respondent's assets in accordance with the procedures authorized by the law of the State of California, as authorized by Fed. R. Civ. P. 64; and

C.    Payment of reasonable attorneys' fees related to preparation and filing of this Petition; and

D.    Other and further relief as the Court may in its discretion grant Petitioners.

DATED: May 20, 2021        **ARENT FOX LLP**

By:    */s/ Malcolm S. McNeil*
MALCOLM S. MCNEIL
Attorneys for Petitioners