O

# United States District Court
# Central District of California

| | |
|---|---|
| TRAJKOVSKI INVEST AB, OPK HOLDING AB, LINDÉN INVENT AB, CAPMATE AKTIEBOLAG, CHRISTIAN ASK, CHRISTIAN MÅNSSON, GRANITOR INVEST AB, JIMMIE LANDERMAN, JOHAN KJELL, JUSSI AX, LMK FORWARD AB, LUSAM INVEST AB, MARTIN BENGTSSON, MIDROC FINANS AB, MUIRFIELD VENTURES AB, RÅSUNDA FÖRVALTNING AKTIEBOLAG, EXPASSUM HOLDING AB,<br>                              Petitioners,<br><br>         v.<br><br>I.AM.PLUS ELECTRONICS, INC.,<br><br>                              Respondent. | Case № 2:21-CV-04246-ODW (JEMx)<br><br>**ORDER GRANTING PETITIONERS' MOTION TO ENFORCE FOREIGN ARBITRAL AWARD [20]** |

## I.      INTRODUCTION

This matter comes before the Court upon the Motion to Enforce Foreign Arbitral Award, (("Mot." or "Motion"), ECF No. 20), filed by Petitioners Trajkovski Invest AB, OPK Holding AB, Lindén Invent AB, Capmate Aktiebolag, Christian Ask, Christian Månsson, Granitor Invest AB, Jimmie Landerman, Johan Kjell, Jussi Ax, LMK Forward AB, Lusam Invest AB, Martin Bengtsson, Midroc Finans AB, Muirfield Ventures AB, Råsunda

Förvaltning Aktiebolag, and Expassum Holding AB (collectively, "Petitioners").[1]   For the following reasons, the Court **GRANTS** Petitioners' Motion.

## II.      BACKGROUND

The Court adopts in full the extensive statement of facts set forth in the Award by the SCC Tribunal.  (Decl. of Malcolm S. McNeil ("McNeil Decl."), Ex. A, Pet. Confirmation Foreign Arbitration Award ("Pet.") 90–104, ECF No. 20-1.)[2]  Petitioners are a group of seventeen Swedish technology start-up entrepreneurs and investors comprised of individuals residing in Sweden, and corporations incorporated under Swedish law with their principal places of business in Sweden.  (*Id.* at 6–7.)  Petitioners collectively owned all the shares of Earin AB, LLC ("Earin"), a start-up technology limited liability company organized under the laws of Sweden that produces wireless ear buds.  (*Id.* at 8.)

On December 31, 2017, music artist will.i.am's company, I.Am.Plus Electronics, Inc. ("I.Am.Plus" or "Respondent") entered into an Agreement with Petitioners to buy Earin ("Agreement").   (*Id.*)   Section 27 of the Agreement contains the following provisions:

- Section 27.1 of the Agreement states: "Any dispute...arising out of or in connection with this Agreement . . . shall be finally settled by arbitration administered by the Arbitration Institute of the Stockholm Chamber of Commerce (the "SCC").

- Section 26 of the Agreement states: "This Agreement shall be governed by and construed in accordance with Swedish substantive law, except for the Swedish Sale of Goods Act."

---

[1]  Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78.

[2] Citations to the Petition and its accompanying exhibits, the Agreement and Award, (ECF No. 20-1), use the Exhibit A page reference page stamps, which are the same as the docket page stamps, rather than internal page reference numbers.

- Section 27.3 of the Agreement states: "The place of arbitration shall be Malmö, Sweden.   The language to be used in the arbitration proceedings shall be English."

(*Id.* at 70, 92.)

On May 23, 2019, Petitioners initiated arbitration proceedings before the SCC Tribunal.  (*Id.* at 9.)  The parties engaged in a full arbitration before the SCC Tribunal via videoconference on May 5 through 7 and 15, 2020.  (*Id.*)  On June 12, 2020, the Tribunal issued its Final Award ("Award") in favor of Petitioners in the amount of USD 520,234.  (*Id.* at 88–148, 145 ("Award").)  The Tribunal ordered Petitioners to pay I.Am.Plus "compensation for its costs related to the arbitration in an amount of SEK 2,000,000, together with interest." (Pet. 147.)  Therefore, under the terms of the Award, I.Am.Plus owes Petitioners the difference of those amounts, with interest of both amounts accruing from May 23, 2019.

On May 20, 2021, Petitioners filed a Petition for the Recognition and Enforcement of a Foreign Arbitration Award. (ECF No. 1.)  This initial petition was filed under seal and was therefore redacted and did not include a complete version of the Award.   On July 16, 2021, Petitioners moved to file two documents under seal: (1) the unredacted Petition for Recognition and Enforcement of Foreign Arbitral Award under 9 U.S.C.  § 207 and accompanying Exhibits 1 through 4 (including the Award); and (2) the Motion for Recognition and Enforcement of Foreign Arbitral Award and Proposed Judgment.   (Appl. File Under Seal ("Appl."), ECF No. 15.)   Petitioners' application to file these documents under seal contained redacted versions of the Petition, including the SCC Award and the Agreement, and Motion.   On July 19, 2021, the Court denied Petitioners' application to file under seal. (Order Den. Appl. ("Order"), ECF No. 17.)   The next day, Petitioners filed a

3

first motion to enforce judgment.  (Pets.' First Mot. Enforce, ECF No. 18.)  At that point, only the redacted Petition was on file with the Court.

Subsequently, on August 2, 2021, Petitioners filed a second motion to enforce judgment, which is the Motion at hand.  (Pets.' Second Mot. Enforce ("Motion"), ECF No. 20.)  In their Motion, Petitioners include the unredacted Petition, which contains the full Agreement and the Award, as Exhibit A to a declaration.  (ECF No. 20-1.)  On August 9, 2021, Petitioners withdrew their first motion to enforce.  (Notice Withdrawal, ECF No. 21.)

I.Am.Plus opposes the Motion at issue, and the matter is fully briefed. (Opp'n, ECF No. 22; Reply, ECF No. 23.)  For the following reasons, the Court **GRANTS** Petitioners' Motion.

## III.     LEGAL STANDARD

Petitioners ask the Court to confirm their Award pursuant to the United Nations Convention on the Recognition and Enforcement of Foreign Arbitration Awards ("New York Convention"), 21 U.S.T. 2517, 330 U.N.T.S. 3, reprinted in 9 U.S.C. §§ 201–208.  The United States became a party to the Convention in 1970 and Congress soon after enacted legislation implementing the provisions of the Convention into domestic law, codified as Chapter II of the Federal Arbitration Act, Pub. L. 91-368, 84 Stat. 692 (1970) (codified at 9 U.S.C. §§ 201–208).

A district court's "review of a foreign arbitration award is quite circumscribed." *Ministry of Def. of the Islamic Republic of Iran v. Gould, Inc.*, 969 F.2d 764, 770 (9th Cir. 1992).  There is a general pro-enforcement bias under the New York Convention.  *See id.*; *see also Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519–20, 520 n.15 (1974).  Upon application for an order confirming the award, the "district court has little discretion: 'The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention.'"

*Ministry of Def.*, 969 F.2d at 770 (citing 9 U.S.C. § 207); *Polimaster Ltd. v. RAE Sys., Inc.*, 623 F.3d 832, 835–36 (9th Cir. 2010).[3]   The burden of showing the existence of a New York Convention defense is on the party seeking to avoid enforcement of the award.  *Polimaster*, 623 F.3d at 836.   In light of the pro-enforcement bias, courts construe the defenses narrowly.  *Ministry of Def.*, 969 F.2d at 770 (citing *Parsons & Whittemore Overseas Co. v. Societe Generale De L'Industrie Du Papeir*, 508 F.2d 969, 976 (2nd Cir. 1947)).

## IV.   DISCUSSION

Petitioners argue the arbitral award must be enforced because the Court has jurisdiction over the action and I.Am.Plus cannot demonstrate why the Award should not be enforced.  (Mot.)  The Court addresses three issues raised by I.Am.Plus in opposition: (1) I.Am.Plus raised that the Court may not have subject matter jurisdiction over this dispute, (Answer ¶ 3, ECF No. 13); (2) I.Am.Plus contends that Petitioners' Motion is unsupported by any declarations or evidence of which the Court can take notice and generally fails

---

[3] The grounds for refusing to recognize or enforce an arbitral award include:

(a) The parties to the agreement . . . were, under the law applicable to them, under some incapacity, or the said agreement is not valid under the law to which the parties have subjected it or, failing any indication thereon, under the law of the country where the award was made; or
(b) The party against whom the award is invoked was not given proper notice of the appointment of the arbitrator or the arbitration proceedings or was otherwise unable to present [his or her] case; or
(c) The award deals with a difference not contemplated by or not falling within the terms of the submission to arbitration, or it contains decisions on matters beyond the scope of the submission to arbitration, provided that, if the decisions on matters submitted to arbitration can be separated from those not so submitted, that part of the award which contain decisions on matters submitted to arbitration may be recognized and enforced . . . .

New York Convention, art. V(1).  Article V(1)(d)–(e) and Article V(2) of the Convention also set forth grounds upon which a court may refuse to recognize or enforce a foreign arbitral award.  Article V(2)(b) of the Convention provides that a country may refuse recognition and enforcement of an award if "recognition or enforcement of the award would be contrary to the public policy of that country."

to comply with the requirements of Article IV of the New York Convention, (Opp'n 3); and (3) I.Am.Plus opposes the Motion because the Petition has not been filed as a separate document with the Court, (*Id.* at 3–4). The Court addresses these arguments in turn.

## A.    Subject Matter Jurisdiction

District courts have jurisdiction for actions arising under the New York Convention pursuant to 9 U.S.C section 203. 9 U.S.C § 203. Three requirements exist for the action or proceeding to fall under the New York Convention and confer jurisdiction on a district court: "the award (1) must arise out of a legal relationship (2) which is commercial in nature and (3) which is not entirely domestic in scope." *Ministry of Def.*, 887 F.2d 1357, 1362 (9th Cir. 1989); 9 U.S.C. § 202. Here, the arbitral award arises out of the Agreement, a legal relationship between Petitioners and I.Am.Plus. The Agreement is for the purchase of Earin shares, making it commercial in nature. And because the Agreement is for the sale of a Swedish company, the relationship is not entirely domestic in scope. All three elements for jurisdiction under the New York Convention exist here.

## B.    Compliance with the New York Convention

I.Am.Plus argues Petitioners did not comply with Article IV of the New York Convention. Article IV provides:

> 1. To obtain the recognition and enforcement mentioned in the preceding article, the party applying for recognition and enforcement shall, at the time of the application, supply:
>     (a) The duly authenticated original award or a duly certified copy thereof;
>     (b) The original agreement referred to in article II or a duly certified copy thereof.

New York Convention, art. IV.

Here, Petitioners have provided the Award and the Agreement with their Motion to Enforce Judgment.   (Pet. 12–148 (Award and Agreement).) I.Am.Plus fails to point to Petitioners' non-compliance with Article IV, but nonetheless contends that Petitioners have not provided adequate evidence and declarations to support enforcement of their arbitral award.   (Opp'n 3.) Petitioners have filed the materials necessary to confirm the Award.   I.Am.Plus bears the burden of demonstrating that any of the New York Convention defenses apply and fails to raise any of the defenses to enforcement of the arbitral award.   *Polimaster*, 623 F.3d at 836.   Beyond bare objections, I.Am.Plus has not articulated, and the Court does not see, any reasons why the arbitral award should not be enforced based on the New York Convention.

## C.   Improper Filing of Petition

The final dispute is a procedural question of whether Petitioners properly filed the Petition and Award with the Court, given Petitioners originally filed redacted versions of those materials, (Appl., ECF No. 15), and only filed the complete unredacted versions after the Court denied their motion to file under seal, (Order, ECF No. 17).

I.Am.Plus argues because the unredacted Petition has not been filed as a "separate document with the court," that as a "technical matter this action has yet to be commenced in accordance with Rule 3 of the *Federal Rules of Civil Procedure*."   (Opp'n 4.)   In reply, Petitioners reiterate that I.Am.Plus did not raise any defenses to enforcement of the arbitral award, the Court has jurisdiction over the action, and any additional arguments raised would "simply serve to delay the inevitable entry of Judgment . . . and unnecessarily accrue further interest on the award."  (Reply 4.)

I.Am.Plus does not cite, and the Court is not aware, of any authority finding that an arbitral award should not be enforced based on this set of circumstances.   The unredacted and complete versions of the Petition, Award,

and Agreement are now publicly filed on record.  (*See* Pet.)  Prior to this publication, these materials were available to the parties and the Court in Petitioners' Motion to Seal.  (ECF No. 16.)  With regard to Rule 3, "so long as the court's subject-matter jurisdiction actually existed and adequately appeared to exist from the papers filed . . . any defect in the manner in which the action was instituted and processed is not itself jurisdictional and does not prevent entry of a valid judgment." *Schlesinger v. Councilman*, 420 U.S. 738, 742 n.5 (1975).

Moreover, courts dealing with motions to seal foreign arbitral awards a have not required parties to restart the process by refiling these documents separately as I.Am.Plus appears to be advocating.  *See OJSC Ukrnafta v. Carpatsky Petroleum Corp.*, No. CV-H-09-891, 2017 WL 4351758, at *5 (S.D. Tex. Oct. 2, 2017), ("It was not necessary for [moving party] to file additional copies of documents that were already clearly in the record . . . . The court declines to deny enforcement of an arbitration award entered by a foreign jurisdiction based on a procedural issue that in reality has no impact whatsoever.").  Thus, the Court finds unpersuasive the argument that the Petition was improperly filed.  Accordingly, the Court **GRANTS** Petitioners' Motion.

## V.    CONCLUSION

For the reasons discussed above, the Court **GRANTS** Petitioners' Motion.  (ECF No. 20.)  The Court hereby **ORDERS** Respondent I.Am.Plus to satisfy its debt as set forth in the June 12, 2020 arbitration award.

**IT IS SO ORDERED.**

December 29, 2021

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**

8