O

# United States District Court
# Central District of California

| | |
|---|---|
| TRAJKOVSKI INVEST AB, et al.,<br><br>Petitioners,<br><br>v.<br><br>I.AM.PLUS, ELECTRONICS, Inc.,<br><br>Respondent. | Case № 2:21-cv-04246-ODW (JEMx)<br><br>**ORDER DENYING RESPONDENT'S MOTION FOR RELIEF FROM FINAL JUDGMENT [33]** |

## I.   INTRODUCTION

Respondent I.AM.PLUS, Electronics, Inc. moves for relief from judgment, pursuant to Federal Rule of Civil Procedure ("Rule") 60(b). (Mot. Relief J. ("Motion" or "Mot."), ECF No. 33.)  On January 10, 2022, the Court entered the challenged judgment after granting Petitioners' motion to enforce a foreign arbitral award, thereby requiring I.AM.PLUS to satisfy outstanding debts owed to Petitioners. (Order Granting Pet'rs' Mot. Enforce Foreign Arbitral Award ("Order"), ECF No. 30.)  For the following reasons, the Court **DENIES** I.AM.PLUS's Motion.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On December 31, 2017, I.AM.PLUS agreed to purchase Swedish technology start-up, Earin AB, from Petitioners. (Pet. Recognition & Enforcement Foreign Arbitral Award ("Petition" or "Pet.") 2, ECF No. 1.) However, in April 2019, the parties terminated the deal when I.AM.PLUS refused to pay the purchase price. (*Id.*) The Earin Share Purchase Agreement, which governed the transaction, bound the parties to arbitrate any disputes arising under the agreement in Sweden. (*Id.*) On May 5–7 and 15, 2020, the parties arbitrated in Sweden, and the tribunal issued its final award in favor of Petitioners, ordering I.AM.PLUS to pay Petitioners $520,234. (*Id.* at 2–3; Order 3.)

On May 20, 2021, Petitioners initiated this action against I.AM.PLUS to enforce the Swedish final arbitration award. (*See generally* Pet.) On August 2, 2021, Petitioners filed a Motion to Enforce Judgment, (*see* Mot. Enforce J., ECF No. 20), which the Court granted on December 29, 2021, (*see* Order). On January 10, 2022, the Court issued a judgment consistent with its Order. (*See* J. ("Judgment"), ECF No. 32.) I.AM.PLUS now moves for relief from the Judgment. (*See generally* Mot.) The Motion is fully briefed.[2] (*See* Opp'n, ECF No. 38; Reply, ECF No. 39.)

As of February 11, 2022, I.AM.PLUS's foreign corporation registration with the California Secretary of State was "forfeited" for failure to meet tax requirements (i.e., failure to file a return, pay taxes, penalties, or interest). (Decl. Malcolm S. McNeil ("McNeil Decl.") ¶ 2 Ex. 1 (Email from Attorney Lynn Fiorentino), ECF No. 38-1.) Accordingly, as explained below, I.AM.PLUS currently lacks the legal privileges to litigate this action in California.

---

[2] Although I.AM.PLUS notes in its Reply that Petitioners' Opposition was filed seventeen days late, the Court finds that it was actually only ten days late. *See* C.D. Cal. L.R. 7-9. In any case, I.AM.PLUS was able to substantively reply to the Opposition and does not contend that the ten-day delay prejudiced it in any way. Thus, the Court declines to find that this delay constitutes Petitioners' concession to the arguments in the Motion pursuant to Local Rule 7-12.

### III. LEGAL STANDARD

Pursuant to Rule 60(b), "the court may relieve a party . . . from a final judgment, order, or proceeding for . . . (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Motions for relief from judgment are "addressed to the sound discretion of the . . . court." *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004). "In exercising its discretion in determining whether Rule 60(b) applies, courts should be mindful that there is a compelling interest in finality of judgments and final judgments should not be disturbed lightly." *Fed. Trade Comm'n v. Apex Cap. Grp.*, No. CV 18-9573-JFW (JPRx), 2021 WL 7707269, at *2 (C.D. Cal. Sept. 3, 2021).

### IV. DISCUSSION

I.AM.PLUS contends that the Court committed clear error in granting Petitioners' Motion to Enforce Judgment, because Petitioners failed to comply with Article IV of the Convention on the Recognition and Enforcement of Arbitral Awards. (Mot. 3.) However, Petitioners argue that the Court should not address the Motion on its merits because I.AM.PLUS's California business registration has been suspended and it therefore currently lacks the legal privilege to appeal or otherwise litigate the Judgment in California. (Opp'n 2.) The Court agrees and therefore denies the Motion without prejudice to refile after I.AM.PLUS's business registration has been reinstated, subject to the filing deadlines set forth in Rule 60(c) and the Local Rules.

In general, "a corporation may not prosecute or defend an action, nor appeal from an adverse judgment in an action while its corporate rights are suspended for failure to pay taxes." *Bourhis v. Lord*, 56 Cal. 4th 320, 324 (2013) (citing *Reed v. Norman*, 48 Cal. 2d 338 (1957)). Further, "[a] corporation's incapacity to sue or defend in state court also precludes it from suing or defending in federal court." *AMESCO Exp., Inc. v. Associated Aircraft Mfg. & Sales, Inc.*, 977 F. Supp. 1014, 1015 (C.D. Cal. 1997) (citing *In re. Christian & Porter Aluminum Co.*, 584 F.2d 326, 331 (9th Cir. 1978)).

Generally, foreign corporations that do not conduct intrastate business need not register. *See* Cal. Corp. Code § 2105(a). However, once a foreign corporation does register, if the corporation later forfeits that registration, "[a] status of 'forfeited' applies . . . and holds the same legal consequences as a 'suspension' for a domestic corporation." *MS & Sons Hosp., LLC v. DB Ins. Co., Ltd.*, No. CV 20-1994 JGB (SHKx), 2022 WL 1395329, at *5 (C.D. Cal. Apr. 7, 2022) (citing *Alhambra-Shumway Mines, Inc. v. Alhambra Gold Mine Corp.*, 155 Cal. App. 2d 46, 50 (1957)).

I.AM.PLUS argues that, as a foreign corporation that does not transact intrastate business, it had no duty to register in California in the first place. (Reply 1–2 (citing Cal. Corp. Code § 2105(a).) Accordingly, I.AM.PLUS concludes, the suspension of its non-mandatory registration cannot preclude its right to defend itself from an adverse judgment. (*Id.*) However, whether I.AM.PLUS had a legal duty to register in California is irrelevant; the Court need only look to its status with the California Secretary of State, which currently is "forfeited." (McNeil Decl. ¶ 4, Ex. 2 (Secretary of State Online Registration Page).) Therefore, I.AM.PLUS's forfeited status holds the same legal consequences as those of a suspended corporation, including a loss of litigation privileges. *MS & Sons Hosp., LLC*, 2022 WL 1395329, at *5. As such, I.AM.PLUS may not seek relief from the Judgment until it rectifies its forfeited status.

I.AM.PLUS also argues that its suspension is immaterial to its ability to defend actions brought in California. (Reply 2.) I.AM.PLUS cites two cases to support this proposition: *Conseco Mktg., LLC v. IFA & Ins. Servs., Inc.*, 221 Cal. App. 4th 831, 840 (2013), and *United Med. Mgmt. Ltd. v. Gatto*, 49 Cal. App. 4th 1732 (1996). However, these cases concern only foreign corporations that failed to register with the Secretary of State in the first instance, and do not consider foreign corporations that registered and later forfeited. (*Id.*) Thus, I.AM.PLUS does not cite to any apposite precedent supporting the notion that a forfeited foreign entity may nevertheless defend an action brought against them in California. The Court therefore cannot conclude

that I.AM.PLUS may move for relief from judgment despite its forfeited registration status.

### V. CONCLUSION

For the reasons discussed above, the Court may not consider the merits of I.AM.PLUS's Motion at this time. Thus, the Court **DENIES** without prejudice I.AM.PLUS's Motion for Relief from Judgment. (ECF No. 33.) I.AM.PLUS may renew its Motion once its registration is reinstated, subject to the filing deadlines set forth in Rule 60(c) and the Local Rules.

**IT IS SO ORDERED.**

August 9, 2022

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**